IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:24-cv-779 |
| | ) | |
| WARREN BALLENTINE (A/K/A WARREN BALLENTINE III); BENITA BALLENTINE; DECISION ONE MORTGAGE COMPANY, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.; STATE EMPLOYEES' CREDIT UNION; PHILIP A. GLASS, as Trustee under Deed of Trust dated January 26, 2023; JAMES C. THORNTON, as Trustee under Deed of Trust dated August 25, 2006; ASHFIELD PLACE HOMEOWNERS ASSOCIATION, INC.; NORTH CAROLINA DEPARTMENT OF REVENUE; CITY OF DURHAM, NORTH CAROLINA; and, COUNTY OF DURHAM, NORTH CAROLINA. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff United States of America, by and through Sandra J. Hairston, the United States Attorney for the Middle District of North Carolina, brings this Complaint, pursuant

to 18 U.S.C. § 3613, the Federal Debt Collection Procedures Act (the "FDCPA"), 28 U.S.C. § 3001, et seq., and 26 U.S.C. §§ 7402 and 7403, to:

(1) determine that the United States holds a valid and subsisting lien associated with the restitution debt imposed upon defendant Warren Ballentine (a/k/a Warren Ballentine III) by the United States District Court for the Northern District of Illinois on or about July 9, 2015, in the criminal case styled United States v. Ballentine, Case No. 1:13-cr-00088 (N.D. Ill.);

(2) determine that the United States' lien is attached to the subject real property located at 5119 Paces Ferry Drive, Durham, North Carolina 27712 (the "Subject Property"), and is senior in priority to all defendants' rights, claims, liens, or other interests, if any, to and in such properties;

(3) enforce the United States' lien through the decreed sales of the entire Subject Property free and clear of the rights, claims, liens, or other interests, if any, of the parties to this action;

(4) appoint the United States Marshals Service, the Internal Revenue Service, or a receiver to carry out such sale; and,

(5) collect Warren Ballentine's restitution debt, plus any surcharge authorized by the law, from net proceeds of such sale, after payment of valid and reasonable costs and valid superior encumbrances of record, if any.

For its Complaint, the United States alleges the following:

## Jurisdiction and Venue

1. This Court has jurisdiction under 28 U.S.C. § 1345 because the United States is the Plaintiff, under 28 U.S.C. § 1355 because proceedings for collection of restitution are equivalent to proceedings for the collection of fines, and under 26 U.S.C. §§ 7402 and 7403 because the enforcement of a lien associated with federal restitution is enforceable as if it is a federal tax lien.

2. Venue is proper under 28 U.S.C. § 1395(a) because Warren Ballentine is found and resides within the Middle District of North Carolina, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the property that is the subject of this action is situated within the Middle District of North Carolina.

## Parties

3. Warren Ballentine (a/k/a Warren Ballentine III) resides in Durham, North Carolina, and is named a defendant because he owes the restitution debt sought to be collected by the United States, and because he has or may claim an interest in the Subject Property.

4. Benita Ballentine resides in Durham, North Carolina, and is named a defendant because she has or may claim an interest in the Subject Property.

5. Decision One Mortgage Company, LLC, is a company formed in the State of North Carolina. Decision One Mortgage Company, LLC, is named a defendant because it has or may claim an interest in the Subject Property.

6. Mortgage Electronic Registration Systems, Inc., is a company formed in the State of Delaware. Mortgage Electronic Registration Systems, Inc., is named a defendant because it has or may claim an interest in the Subject Property.

7. State Employees' Credit Union is a credit union formed in the State of North Carolina. State Employees' Credit Union is named a defendant because it has or may claim an interest in the Subject Property.

8. Upon information and belief, Philip A. Glass, as Trustee under Deed of Trust dated January 26, 2023, resides in the State of North Carolina. Philip A. Glass, as Trustee under Deed of Trust dated January 26, 2023, is named a defendant because he has or may claim an interest in the Subject Property.

9. Upon information and belief, James C. Thornton, as Trustee under Deed of Trust dated August 25, 2006, resides in the State of North Carolina. James C. Thornton, as Trustee under Deed of Trust dated August 25, 2006, is named a defendant because he has or may claim an interest in the Subject Property.

10. Ashfield Place Homeowners Association, Inc., is a corporation formed in the State of North Carolina. Ashfield Place Homeowners Association, Inc., is named a defendant because it has or may claim an interest in the Subject Property.

11. North Carolina Department of Revenue is a cabinet-level executive agency of the State of North Carlina. North Carolina Department of Revenue is named a defendant because it has or may claim an interest in the Subject Property.

12. City of Durham, North Carolina, is a municipal corporation and body politic under the laws of the State of North Carolina. City of Durham, North Carolina, is named a defendant because it has or may claim an interest in the Subject Property.

13. County of Durham, North Carolina, is a county corporation and body politic under the laws of the State of North Carolina. County of Durham, North Carolina, is named a defendant because it has or may claim an interest in the Subject Property.

## The Subject Property

14. The Subject Property is located at 5119 Paces Ferry Drive, Durham, Durham County, North Carolina 27712, and is described as follows:

> ALL of Lot 123 in Ashfield Place, Phase 2 and 4A, as shown on a map thereof recorded in Plate Book 165, Pages 10-16 (13), Durham County Registry, to which reference is hereby made for a more particular description.
>
> Being the same real property described in the North Carolina General Warranty Deed recorded in the Durham County Register of Deeds on November 1, 2005, at Book 5006, Pages 72-74; and,
>
> Being the same real property described in the Quitclaim Deed recorded in the Durham County Register of Deeds on August 26, 2022, at Book 9770, Page 185; and,
>
> Being the same real property described in the Non-Warranty Deed recorded in the Durham County Register of Deeds on February 1, 2023, at Book 9856, Pages 867-868.

15. On or about October 31, 2005, St. Lawrence Homes, Inc., by North Carolina General Warranty Deed recorded in the Durham County Register of Deeds on November 1, 2005, at Book 5006, Pages 72-74, conveyed the Subject Property to Warren Ballentine

5

and Benita Ballentine, each of whom, as a tenant by the entirety, held an undivided one-half interest in the Subject Property.

### Warren Ballentine's Restitution Debt

16. On or about July 9, 2015, the United States District Court for the Northern District of Illinois entered its Judgment in the Criminal Case and adjudicated Warren Ballentine guilty of Mail Fraud Affecting a Financial Institution, Wire Fraud Affecting a Financial Institution, two counts of Bank Fraud, and two counts of Making False Statement of Financial Institutions, in the criminal case styled United States v. Ballentine, Case No. 1:13-cr-00088 (N.D. Ill.) (the "Criminal Case"). See Doc. # 121. As part of its judgment, the Court also ordered Warren Ballentine to pay a special assessment of $600.00 and restitution in the total amount of $140,940.00.

17. As of September 19, 2024, payments totaling $23,956.41 have been credited toward Warren Ballentine's restitution debt. The total amount due and owing is $147,291.31, which includes restitution principal in the amount of $117,583.59, a delinquent penalty in the amount of $11,883.09, and a default penalty in the amount of $17,824.63. No interest is accruing on the debt.

### Count I - Lien Enforcement

18. The United States repeats and incorporates by reference the allegations set forth above in paragraphs 1 through 17 as though fully set forth in this paragraph.

19. Upon the Court's entry of Judgment in the Criminal Case on or about July 9, 2015, a lien in favor of the United States and securing Warren Ballentine's restitution debt

6

arose and attached to all property and rights to property belonging to Warren Ballentine, pursuant to 18 U.S.C. § 3613(c).

20. Upon the Court's entry of Judgment in the Criminal Case on or about July 9, 2015, the United States' lien attached to the Subject Property.

21. The United States' lien remains valid and subsisting, and remains attached to the Subject Property.

22. The United States is entitled to enforce its lien through the judicial sale of the entire Subject Property.

23. The United States is entitled to collect Warren Ballentine's restitution debt, plus any surcharge authorized by the law, from proceeds, after payment of valid and reasonable costs and valid superior encumbrances of record, resulting from the enforcement of its lien. The United States seeks to collect one half of such net proceeds.

**WHEREFORE**, plaintiff United States of America respectfully requests that the Court enter Judgment in favor of the United States, as follows:

(1) determining and declaring that the United States holds a valid and subsisting lien associated with the restitution debt imposed upon defendant Warren Ballentine by the United States District Court for the Northern District of Illinois on or about July 9, 2015, in the criminal case styled United States v. Ballentine, Case No. 1:13-cr-00088 (N.D. Ill.);

(2) determining and declaring that the United States' lien is attached to the Subject Property and is senior in priority to all defendants' rights, claims, liens, or other interests, if any, to and in such properties;

(3) enforcing the United States' lien through the decreed sale of the Subject Property free and clear of the rights, claims, liens, or other interests, if any, of all defendants;

(4) appointing the United States Marshals Service, the Internal Revenue Service, or a receiver to carry out such sale;

(5) determining that one half of the net proceeds of such sales, after payment of valid and reasonable costs and valid superior encumbrances of record, if any, be disbursed to the United States to be applied to the restitution debt of defendant Warren Ballentine, plus any surcharge authorized by the law, with the remaining proceeds, if any, to be then distributed among the defendants in accordance with their rights under the law; and,

(6) awarding the United States such other relief as the Court may determine is appropriate and just.

This the 24th day of September 2024.

Respectfully submitted,

SANDRA J. HAIRSTON
United States Attorney

/s/ Nathan L. Strup
Nathan L. Strup, Mo. Bar No. 60287
Assistant U.S. Attorney
Middle District of North Carolina
101 S. Edgeworth Street, 4th Floor
Greensboro, NC 27401
(336) 333-5351/nathan.strup@usdoj.gov